

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

STATE FARM FIRE AND CASUALTY COMPANY )
                                     )
                     Plaintiff,      )
                                     )
v.                                   )        Case No. _1:10 cv 626 CMH/TCB_
                                     )
JOHN NICHOLAS COLE                   )
                                     )
and                                  )
                                     )
GARY MARTIN                          )
                                     )
                     Defendants.     )
_____)

## COMPLAINT FOR DECLARATORY JUDGMENT

State Farm Fire and Casualty Company ("State Farm"), by counsel, pursuant to the

Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, as its Complaint for Declaratory Judgment

states the following:

### JURISDICTION

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as complete diversity

exists between the plaintiff and each defendant and the amount in controversy exceeds $75,000,

exclusive of interest and costs.  State Farm is an Illinois corporation with its principal place of

business in Bloomington, Illinois, and is a citizen of Illinois.  Upon information and belief, both

named defendants are residents and citizens of the Commonwealth of Virginia. As indicated

below, the underlying tort suit (attached hereto as Exhibit A) demands compensatory damages of

$100,000.00 and punitive damages of $100,000.00, and the Homeowners Policy which is the

subject of this controversy has a Personal Liability Coverage Limit of $300,000.00.

**VENUE**

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.  The Eastern District of Virginia is (i) a judicial district in which the defendants reside; (ii) a judicial district in which a substantial part of the events giving rise to the claim occurred; and (iii) a judicial district in which each defendant is subject to personal jurisdiction.

**PARTIES**

3.      State Farm is an Illinois corporation with its principal place of business located in Bloomington, Illinois, and a citizen of the State of Illinois.  State Farm is licensed to do business as an insurance company and is doing business in the Commonwealth of Virginia.

4.      Defendant John Nicholas Cole ("Cole") is an individual resident, domiciliary and citizen of the Commonwealth of Virginia.  Cole was the named insured under the State Farm Homeowners Policy which is the subject of this action, as described more fully below.

5.      Defendant Gary Martin ("Martin") is an individual resident, domiciliary and citizen of the Commonwealth of Virginia.  Martin is the plaintiff in the underlying tort suit pending in the Circuit Court of the City of Alexandria, Virginia (Case No. CL09-4397), and has been named as a party defendant herein because his rights or interests may be affected by the resolution of this action.

**FACTS**

6.      On account of an incident which occurred on or about November 12, 2007, Martin has filed a civil action against Cole in the Circuit Court for the City of Alexandria, Virginia, captioned *Gary Martin v. John Nicholas Cole*, Case No. CL09-4397 ("the Liability Action"). The Liability Action was filed on or about November 10, 2009.  The allegations of the Liability Action are contained in the Amended Complaint attached as Exhibit A.

2

7.     The Amended Complaint filed in the Liability Action alleges that Martin "owns and operates Martin Motorsports, Inc. at 460 S. Pickett Street, Alexandria, Virginia 22304 in the City of Alexandria" and that Cole "was a prior employee of [Martin's] and had been terminated from his employment on Friday, November 9, 2009 [sic]" (Amended Complaint ¶¶ 2-3).

8.     The Amended Complaint filed in the Liability Action alleges that "[o]n or about 7:30 a.m. on Monday, November 12, 2007, Veteran's Day National Holiday, [Cole] arrived at Martin Motorsports to demand the return of his tools of trade being held as collateral by [Martin] for a debt owed to [Martin] by [Cole]", and that "[w]hen [Martin] refused to return the tools, [Cole], without just cause or provocation, proceeded to strike, punch and assault [Martin] about the face and head, knocking [Martin] unconscious" (Amended Complaint ¶¶ 4-5).

9.     The Amended Complaint filed in the Liability Action alleges that "[t]he striking and assaulting of [Martin] by [Cole] demonstrates a wanton and willful reckless indifference to the rights and safety of [Martin], on the part of [Cole], and as more particularly set forth above, proximately resulted in damages to [Martin] and warrants the imposition of severe exemplary and punitive damages" (Amended Complaint ¶ 15).

10.     The Amended Complaint filed in the Liability Action further alleges that "[t]he acts of [Cole] as set out herein including the striking, punching and assaulting, of [Martin] were done intentionally and unlawfully by [Cole] in an attempt to injure, maim, disfigure or disable [Martin] and as a proximate result of [Cole's] action, [Martin] has been damaged" (Amended Complaint ¶ 17).

11.     The Amended Complaint filed in the Liability Action alleges that "[a]s a direct and proximate cause of [Cole's] striking, punching and assaulting [Martin], he suffered unconsciousness, extreme pain and distress" and "incurred serious injuries to his eyes, head,

teeth, mouth and jaw and continues to suffer from serious permanent injuries to his eyes and
teeth and was caused to suffer and will in the future continue to suffer great pain and mental
anguish" (Amended Complaint ¶ 6), and demands a judgment against Cole in the amount of
$100,000.00 as compensatory damages and $100,000.00 as punitive damages.

12.     As a result of the incident described in the Amended Complaint filed in the
Liability Action, and by warrants issued November 15, 2007, Cole was charged by the
Commonwealth of Virginia with assault and battery in violation of Va. Code § 18.2-57, and on
or about June 17, 2008, Cole entered a plea of guilty to the charge of assault and battery in the
Circuit Court of the City of Alexandria, Virginia, and was convicted of same.

13.     At the time of the incident described in the Amended Complaint filed in the
Liability Action, Cole was a named insured under policy of homeowners insurance issued by
State Farm Fire and Casualty Company (hereafter "the Homeowners Policy"). A true copy of the
Homeowners Policy, including declarations page and endorsements, is attached as Exhibit B.

14.     Cole has provided State Farm with a copy of the Amended Complaint filed in the
Liability Action, demanding that State Farm provide him with a defense and indemnification
under the Homeowners Policy for the claims asserted by Martin in the Liability Action.

15.     State Farm is providing Cole with a defense in the Liability Action, while
reserving its right to deny coverage under the Homeowners Policy.

16.     There is an actual, justiciable controversy as to whether Personal Liability
coverage (Coverage L) exists under the Homeowners Policy for the claims made by Martin
against Cole in the Liability Action.

## COUNT I
## DECLARATORY JUDGMENT

17.     State Farm hereby re-alleges and incorporates by reference the allegations

contained in numbered paragraphs 1. through 16. above.

18.     Section II of the Homeowners Policy ("Liability Coverages") provides in part:

**COVERAGE L – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an **insured** for damages because of
**bodily injury** or **property damage** to which this insurance applies, caused by an
**occurrence**, we will:

1. pay up to our limit of liability for the damages for which the **insured** is
legally liable; and

2. provide a defense at our expense by counsel of our choice.  We may make
any investigation and settle any claim or suit that we decide is appropriate.  Our
obligation to defend any claim or suit ends when the amount we pay for
damages, to effect settlement or satisfy a judgment resulting from the
**occurrence**, equals our limit of liability.

(Exhibit B, Homeowners Policy, Section II – Liability Coverages, p. 14).

19.     The Homeowners Policy defines an "occurrence" as

an accident, including exposure to conditions, which results in:

a. **bodily injury**; or

b. **property damage**;

during the policy period.  Repeated or continuous exposure to the same general
conditions is considered to be one **occurrence**.

(Exhibit B, Homeowners Policy, Definitions, p. 2).

20.     The incident described in the Amended Complaint filed in the Liability Action

was not an accident.

21.     The Amended Complaint filed in the Liability Action does not allege damages

because of bodily injury or property damage caused by an occurrence, within the meaning of the Homeowners Policy.

22.     The Homeowners Policy excludes coverage for "**bodily injury** or **property damage** which is either expected or intended by the **insured**" (Exhibit B, Homeowners Policy, Definitions, p. 2).

23.     The Amended Complaint filed in the Liability Action alleges bodily injury to Martin which was expected by Cole.

24.     The Amended Complaint filed in the Liability Action alleges bodily injury to Martin which was intended by Cole.

25.     The Homeowners Policy further provides:

**Duties After Loss.** In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply.  You shall cooperate with us in seeing that these duties are performed:

a.     give written notice to [State Farm] or our agent as soon as practicable, which sets forth:

    (1)     the identity of this policy and **insured**;

    (2)     reasonably available information on the time, place and circumstances of the accident or **occurrence**; and

    (3)     names and addresses of any claimants and available witnesses;

b.     immediately forward to us every notice, demand, summons or other process relating to the accident or **occurrence**;

(Exhibit B, Homeowners Policy, Section II – Conditions, at p. 18, ¶ 3).

26.     The incident of which Martin complains in the Liability Action occurred on or about November 12, 2007.

27.     As a result of the incident of which Martin complains in the Liability Action, Cole

was arrested and charged with assault and battery on or about November 15, 2007, and convicted by the Alexandria General District Court on or about January 29, 2008.

28.     Cole appealed the assault and battery conviction to the Alexandria Circuit Court and on June 17, 2008, entered a plea of guilty to the charge of assault and battery and was convicted. The Alexandria Circuit Court sentenced Cole to six (6) months in jail (with five (5) months suspended), placed Cole on probation, and ordered Cole to pay restitution in the amount of $325.00 to the Alexandria Fire Department and $925.00 to Martin.

29.     The Liability Action was filed November 10, 2009. As of November 19, 2009, Cole was aware that the Liability Action had been filed and that Martin was attempting to serve him with process.

30.     Cole did not notify State Farm or its agent of the Liability Action or the incident described therein until February 19, 2010.

31.     Cole has breached the aforesaid notice conditions of the Homeowners Policy by failing to notify State Farm, as soon as practicable, of the identity of the policy and insured, reasonably available information on the time, place and circumstances of the alleged incident, and names and addresses of any claimants and available witnesses.

32.     Cole also has breached the condition of the Homeowners Policy by failing to immediately forward to State Farm every notice, demand, summons or other process relating to the alleged incident.

33.     The premises considered, and pursuant to the provisions of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, State Farm requests this Court to enter a declaratory judgment, declaring (i) the rights, duties, status and other legal relations and obligations of the parties, if any, under the Homeowners Policy issued by State Farm to Cole; (ii) that there is no

7

Personal Liability coverage (Coverage L) under the Homeowners Policy for the claims, injuries, and damages alleged in the Liability Action; and (iii) that State Farm has no duty under the Homeowners Policy to defend or indemnify Cole against the claims alleged in the Liability Action.

WHEREFORE, State Farm Fire and Casualty Company prays that this Court grant the declaratory relief requested above and enter an Order which:

A.      declares the rights, duties, status and other legal relations and obligations, if any, of the parties under the Homeowners Policy issued by State Farm Fire and Casualty Company to John Nicholas Cole;

B.      declares that there is no Personal Liability coverage (Coverage L) under the Homeowners Policy for the claims, injuries, and damages alleged in the Liability Action;

C.      declares that State Farm has no duty under the Homeowners Policy to defend Cole against the claims alleged in the Liability Action;

D.      declares that State Farm has no duty under the Homeowners Policy to indemnify Cole for any judgment that might be entered against him in the Liability Action;

E.      enjoins the parties from taking further action in the Liability Action pending the resolution of this declaratory judgment action; and

F.      grants such and other further relief as this Court deems appropriate.

STATE FARM FIRE AND CASUALTY COMPANY

By Counsel

8

STATE FARM FIRE AND CASUALTY COMPANY

By:   /s/

Alexander S. de Witt, VSB 42708
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin Street, Suite 200
P.O. Box 470
Richmond, Virginia  23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: asd@brennerevansmillman.com

Theodore I. Brenner, VSB 17815
BRENNER, EVANS & MILLMAN, P.C.
411 East Franklin Street, Suite 200
P.O. Box 470
Richmond, Virginia  23218-0470
Phone: (804) 644-1300
Fax: (804) 644-1354
E-mail: tib@brennerevansmillman.com

*ATTORNEYS FOR STATE FARM FIRE AND
CASUALTY COMPANY*

9